UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ADAM HILSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-003-SNLJ |
| | ) | |
| EDWIN M. GATHECHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Adam Hilse filed this lawsuit against defendant for injuries he sustained in a motor vehicle accident with defendant Edwin Gathecha, who was driving a tractor-trailer owned by defendant K.N.G. Lines, Inc. while employed by defendant Vyneria Transportation, Inc. The defendants[1] filed a Third Party Complaint ("TPC") against the driver of the vehicle in which plaintiff was a passenger (#16). The driver, third party defendant John Chimienti, has filed a motion to dismiss the TPC (#25).

## I.     Factual Background

Plaintiff alleges he was working as an emergency medical technician ("EMT") in the back of an ambulance being driven by his co-employee, third-party defendant Chimienti. Plaintiff was actively attending to a patient in the ambulance when the ambulance collided with the truck driven by defendant Gathecha. Although plaintiff alleges in the complaint that Chimienti drove with due care, defendants allege that

---

[1] Defendant K.N.G. Lines has not yet been served. "Defendants" refers to the two defendants that have made an appearance in this case—Gathecha and Vyneria Transportation.

Chimienti negligently operated the ambulance and caused the accident. Defendants therefore seek contribution from Chimienti in the TPC.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III.    Discussion

To maintain an action for contribution, "both the party seeking contribution and the defendant against whom contribution is sought must be tortfeasors, originally liable to

the plaintiff-injured party." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 442 (Mo. *banc* 2002). Third-party defendant Chimienti moves to dismiss because he states Missouri workers compensation law bars any claims plaintiff himself could have asserted against Chimienti. As such, Chimienti argues that defendants' third-party claim against him for contribution is also barred.

> Missouri's workers compensation statute provides, in part:
>
> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and <u>employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury</u>. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

§ 287.120 RSMo (emphasis added). Thus, a co-employee is not liable for an injury caused to another employee unless the co-employee "engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." *Halsey v. Townsend Corp. of Indiana*, 1:17-CV-4 SNLJ, 2017 WL 2189459, at *2 (E.D. Mo. May 18, 2017) (citing *id*.). "The statutory exception appears only to deny immunity to the co-employee, rather than creating a new or different cause of action in favor of the plaintiff. Because the statute does not create an independent cause of action against a co-employee,

3

the Court must look to the common law to determine whether a cause of action has been alleged." *A.T. v. Newark Corp.*, 4:16–cv–448–SNLJ, 2017 WL 57251, at *3 (E.D. Mo. Jan. 5, 2017). A two-part inquiry is thus required: First, was the co-employee engaged in "an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury[?]" *Id.* If so, has plaintiff "made allegations that otherwise establish a claim of common law negligence[?]" *Id.*

Chimienti argues that the third-party plaintiffs here cannot meet either of those requirements. Looking first to whether a common-law negligence claim could exist, employees in Missouri can be liable for negligence to co-employees only "for breaches of a duty owed independently of the master-servant relationship—that is, a duty separate and distinct from the employer's nondelegable duties." *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 796 (Mo. *banc* 2016). An employer's nondelegable duties include (1) the duty to provide a safe workplace, (2) the duty to provide safe appliances, tools, and equipment for work, (3) the duty to warn of dangers that employees might be and stay reasonably ignorant of, (4) the duty to provide a sufficient number of suitable fellow employees, and (5) the duty to promulgate and enforce rules for employee conduct that would maintain the safety of the workplace. *Id.* at 795.

The Missouri Supreme Court has been clear that, in circumstances such as those here, the co-employee is immune from suit when he is carrying out his employer's nondelegable duties: "The common law always has held an employer cannot fulfill its

4

duty to provide a reasonably safe workplace merely by telling its employees to 'make it so' if the employee's negligence in carrying out that duty was reasonably foreseeable." *Conner v. Ogletree*, 542 S.W.3d 315, 327 (Mo. *banc* 2018). Defendants/third-party plaintiffs here contend that Chimienti's negligent driving was not "reasonably foreseeable" and thus he does not enjoy immunity as a co-employee. However, Missouri courts have held that similarly negligent operation of vehicles is reasonably foreseeable and thus constitutes a non-delegable duty of the employer. In *Conner*, for instance, the Missouri Supreme Court recently held that it was reasonably foreseeable to an employer that an employee would be injured if a co-employee negligently operated a forklift. *Id.* at 328. As that court stated in *Peters*, "included within the employer's duty to provide a safe workplace is a duty to see that instrumentalities of the workplace are used safely." *Peters*, 489 S.W.3d at 795. Missouri courts have arrived at the same conclusion with regard to co-employees' negligent driving of a garbage truck and a firetruck. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620 (Mo. *banc* 2002), *overruled on other grounds by McCracken v. Wal–Mart Stores East*, LP, 298 S.W.3d 473 (Mo. *banc* 2009); *Carman v. Wieland*, 406 S.W.3d 70, 79 (Mo. App. E.D. 2013).

Here, the ambulance driven by Chimienti was an "instrumentalit[y] of the workplace" and thus encompassed by the employer's duty to provide a safe workplace. Plaintiff could not maintain a claim against Chimienti under the terms of the workers compensation statute, and thus defendant cannot maintain a third party complaint against Chimienti for contribution, either.

5

Accordingly,

**IT IS HEREBY ORDERED** that third party defendant John Chimienti's motion to dismiss the third party complaint is GRANTED.

Dated this  5th  day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE